PLEASE FILE-STAMP-
DATE-RETURN

IN THE UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON ALBERT SOLOMON,
　Petitioner/Plaintiff

v.

Lorain County Printing and Publishing Company,
Scott Mahoney, Reporter (for); The Elyria Chronicle
Telegram, William D. Hudnutt, President, Andrew
R. Young, Vice Pres./ Editor Emeritus, Ann E.
Klunzinger, Controller, Julie Wallace, Managing
Editor, and Jennifer Lyon, News Editor
　Respondents/Defendants

FILED
FEB 28 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Case No. 1:19 CV 449

CIVIL COMPLAINT

JUDGE GWIN
MAG. JUDGE PARKER

　　Now comes the Petitioner, Aaron Albert Solomon, forma pauperis, hereby seeking a tort action against the above named Respondents/ Defendants for Defamation of Character / Libel / Slander, Intentional Infliction of Emotional Stress, Malice (Malicious Reporting), and Negligence for article written by Scott Mahoney and printed by the Lorain County Printing and Publishing Company on or about May 17, 2018 after Secret Indictment was unsealed by Lorain County Prosecutor Dennis Wills. A Brief and Law In Support is attached to Complaint. Petitioner seeking Compensatory and Punitive Damages and a Gag Order against the Elyria Chronicle Telegram, located at 225 East Avenue, Elyria, Ohio 44035 and Scott Mahoney, an employee of the Elyria Chronicle-Telegram while Petitioner's case is ongoing to prevent potential false, harmful, injurious, and contemptuous printing against Petitioner. (See Civil Cover Sheet for further support).

Respectfully Submitted
This the 24th day of Feb. 2019

Aaron A. Solomon

## Brief and Law In Support

On or about May 17, 2018, Scott Mahoney, an employee of The Elyria Chronicle Telegram, wrote an article about Petitioner, Aaron Albert Solomon when his Secret Indictment was handed down by the Lorain County Prosecutor, Dennis Wills. The Elyria Chronicle Telegram is located at 225 East Avenue, Elyria, Ohio 44035 and is published daily by the Lorain County Printing and Publishing Company, also a party in this tort action. President William D. Hudnutt, Vice President Andrew R. Young, Controller Ann E. Klunzinger, Editor Emeritus, Andrew R. Young, Managing Editor Julie Wallace, and News Editor Jennifer Lyon are also parties to this action because they allowed the printing of the slanderous and libelous words to be written. (See Exhibit A, Newspaper Article)

On or about May 17, 2018, said parties, mainly Scott Mahoney, published an article in which the respondent(s) said that Petitioner Aaron Albert Solomon had Specifications for "REPEAT VIOLENT PREDATOR" Petitioner has NEVER been charged or convicted of A rape, thus the article insinuates to the general public that Petitioner is a "SERIAL RAPIST." The words "REPEAT VIOLENT PREDATOR" IS DEFAMATORY TO PETITIONER's CHARACTER, AND Slanderous and libelous in nature. (See Exhibit B, Indictment). The Courts ruled:

"To establish a defamation claim, a plaintiff must demonstrate the existence of a false publication causing injury to a person's reputation or exposing him to public hatred, contempt, ridicule, shame, or disgrace or affecting

1

him adversely in his trade or business." *Ashcroft v. Mt. Sinai Medical Center*, 68 Ohio App 3d. 359, 588 NE 2d 280, 1990 Ohio App. LEXIS 5093 (Ohio Ct. App. Cuyahoga County 1990)

By printing and publishing said article, Petitioner's reputation has been harmed irreparably; there is public sentiment against him, contempt, ridicule and shame and Petitioner not only lost his job as a Union Ironworker, but has lost his Union Membership at Local 846/847 in Phoenix, Arizona as a direct result of his arrest and subsequent extradition back to the State of Ohio on May 11, 2018. Further the Court ruled:

> "Truth is a complete defense to a claim of defamation." *Fuchs v. Scripps Howard Broad Co.* 2006, Ohio 5349, 170 Ohio App 3d. 679, 868 NE 2d 1024, 2006 Ohio App LEXIS 5323 (Ohio Ct. App. Hamilton County 2006); et. al case law.

> "Clear and convincing evidence standard applies to private figure defamation actions against the media" *Lansdowne v. Beacon Journal Pub. Co.*, 32 Ohio St. 3d. 176, 572 NE 2d. 979, 1987 Ohio LEXIS 365 (1987)

Moreover, said Parties Intentionally Inflicted Emotional Stress on Petitioner and acted with forethought and Malice to further report to the public vicious and false statements. Petitioner has lost all Contact with his newborn twins who were born on September 1, 2018 because the Mother of Petitioner's children

2

has severed all contact with Petitioner and his family as a direct result of the indictment, arrest and subsequent printed publication of article. (Exhibit A). The Court ruled:

"The concept of actual malice in defamation cases involving public officials is separate and distinct from the traditionally defined common law standard of malice or actual malice. Actual malice in the context of defamation may not be inferred from evidence of personal spite, ill will, or deliberate intention to injure, as the defendant's motive for publishing are irrelevant. A defamation plaintiff who is required to show actual malice must demonstrate, with convincing clarity, that the defendant published the defamatory statement either with actual knowledge that the statement was false, or with a high degree of awareness of its probable falsity." Varanese v. Gall, 35 Ohio 3d 78, 578 NE 2d 1578, 1988 Ohio LEXIS 120 (Ohio) cert. denied 487 U.S. 1206, 108 S.Ct. 2849 101 L.Ed. 28, 1988 U.S. LEXIS 2856 (U.S. 1988).

Furthermore, the Court ruled:

"Publisher acts with malice by publishing defamatory statements of a third party when the publisher has a high degree of awareness of the probable falsity of those statements, thus defeating any qualified privelege." Jackson v. City of Columbus, 2008 Ohio 1041, 117 Ohio St. 3d. 328, 883 NE 2d 1060, 2018 Ohio LEXIS 558 (Ohio 2008).

3

Scott Mahoney, the Chronicle-Telegram and all parties aforementioned in Complaint knew that the publishing and printing of "REPEAT VIOLENT PREDATOR" were FALSE and acted with malice because the Indictment against the Petitioner was in front of the writer of the article, Scott Mahoney. (See Exhibit B, Secret Indictment).

The Elyria Chronicle-Telegram was also Negligent in allowing writer Scott Mahoney to write the article without checking its authenticity and truthfulness, thus Jennifer Lyon, News Editor, Julie Wallace, Managing Editor, Andrew R. Young Editor Emeritus and Vice President, Ann E. Klunzinger, Controller and William D. Hudnutt, President all acted recklessly, knowingly and purposely in allowing employee Scott Mahoney to write the story and put it into print and did not even go back and correct it.

Petitioner hereby respectfully moves this Honorable Court to issue a Gag Order on the above forementioned respondents from further printing or publishing anything pertaining to Petitioner to prevent further harm or injury.

Respectfully Submitted,

Aaron A. Solomon
9896 Murray Ridge Road
Elyria, Ohio 44035

2-24-2019

4

## CERTIFICATE OF SERVICE

I hereby certify and state under the penalty of perjury that a true and accurate copy of the foregoing United States District Court, Northern District of Ohio (Eastern Division) Application to Proceed Without Prepayment of Fees and Affadavit, United States District Court, Northern District of Ohio (Eastern Division), Complaint, Brief and Law in Support, and Civil Cover Sheet was sent via first class mail through the United States Postal Service to the: Office of the Clerk, United States District Court, Northern District of Ohio, Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1830 on this 24th day of February, 2019.

Aaron A. Solomon
Petitioner/Plaintiff, Pro Se