UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
AARON ALBERT SOLOMON,                       : CASE NO. 1:19-CV-00449
                                            :
        Plaintiff,                          :
                                            :
vs.                                         : OPINION & ORDER
                                            : [Resolving Doc. No. 1]
LORAIN COUNTY PRINTING AND                  :
PUBLISHING COMPANY, *et al.*,               :
                                            :
        Defendants.                         :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Aaron Albert Solomon filed this tort action against Lorain County Printing and Publishing Company, Reporter Scott Mahoney, the Elyria Chronicle Telegram, President William D. Hudnutt, Vice President and Editor Emeritus Andrew R. Young, Controller Ann E. Klunzinger, Managing Editor Julie Wallace and News Editor Jennifer Lyon. He alleges that after an indictment against him was unsealed, the Defendants published an article that referred to him as a "repeat violent predator." (Doc. No. 1 at 2). He states that statement is false, as he has never been charged or convicted of rape. He asserts state tort law claims for defamation, libel, slander, intentional infliction of emotional distress, malicious reporting, and negligence. He seeks an injunction to prevent future publications of this type and monetary damages.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.[1] Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.[2] Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.[3] The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states."[4] Plaintiff must establish that he is a citizen of one state and all the of the Defendants are citizens of other states. The second type of federal jurisdiction relies on the presence of a federal question.[5] This type of jurisdiction exists if a well-pleaded complaint raises a cause of action based on federal law.[6]

Plaintiff has not established either basis for federal court subject matter jurisdiction. Diversity of citizenship does not exist in this case because all the parties appear to be Ohio citizens. Furthermore, all the causes of action Plaintiff lists in his Complaint arise, if at all, under state tort law, not federal law. No other basis for federal court jurisdiction appears on the face of the Complaint.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to

---

[1] *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).
[2] *Id.*
[3] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[4] 28 U.S.C. § 1332(a)(1).
[5] 28 U.S.C. § 1331.
[6] *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

Dated: June 11, 2019        *s/     James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[7]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.